

FILED

MAY 02 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRIAN D. SMITH,<br><br>Petitioner,<br><br>vs.<br><br>TIMOTHY FOX, ATTORNEY GENERAL, STATE OF MONTANA; HON. MIKE MCGRATH, CHIEF JUSTICE, the SUPREME COURT STATE OF MONTANA, et. al.,<br><br>Respondents. | Cause No. CV-17-119-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Brain D. Smith, a state prisoner proceeding pro se, *see* (Doc. 5), filed a Complaint alleging irregularities in his state criminal proceedings. (Doc. 2). The Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## I. Initial Screening

Because Smith is a prisoner proceeding in forma pauperis the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

1

and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pleaded in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to satisfy the requirements in Rule 8 a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability,"

or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id. (citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

3

## II. Analysis

### A. Factual Background

Plaintiff Smith, along with Maurice Archer, John Chambers, Keith Doyle, and Charles Clary, joined in filing the complaint lodged in this matter and sought certification to proceed as a class. *See Archer v. Fox et. al.*, CV-17-108-GF, (Docs. 6, 7, 8). The Court denied the Plaintiffs' motion for class certification and ordered that the claims be severed. *See generally Archer v. Fox et. al.*, CV-17-108-GF (Doc. 15); *see also* (Doc. 3). Accordingly, separate cases were opened for each of the named plaintiffs.[1]

In 2012, Smith was convicted and sentenced in Montana's Fourth Judicial District, Missoula County, for Aggravated Assault in Cause No. DC 2011-161. (Doc. 2 at 4).[2] Smith has previously challenged his 2012 conviction in this Court via a federal habeas corpus petitions under 28 U.S.C. § 2254. *See Smith v. Frink*, No. DV 24-83-DLC-JCL. There, Smith did not raise the exact argument he advances in the instant complaint, but he similarly challenged the state charging procedure. Specifically, he alleged the trial court lost jurisdiction over his case

---

[1] *See: Archer v. Fox et. al.*, CV-17-108-GF; *Chambers v. Fox et. al.*, CV-17-116-GF; and *Doyle v. Fox et. al.*, CV-17-118. Plaintiff Clary subsequently filed a voluntary motion to withdraw his complaint, *see Clary v. Fox, et. al.*, CV-17-117-GF, Or. (March 21, 2018)(granting motion to withdraw).

[2] *See also* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3009410 (accessed April 30, 2018).

4

when the district judge, who made a finding of probable cause to support the filing of the Information, presided over subsequent stages of the criminal proceedings. Smith argued this deprived him of an impartial judge, due process of law, a fair trial, and effective assistance of counsel. This Court found Smith's claim to be frivolous and that the state practice of prosecution by information is consistent with the federal guarantees of due process. *Smith v. Frink*, No. DV 24-83-DLC-JCL, Mag. Find. at 2 (Mar. 31, 2014), *citing Hurtado v. California*, 110 U.S. 516, 538 (1884). Smith's petition was ultimately denied on its merits. *Smith v. Frink*, No. DV 24-83-DLC-JCL (D. Mont. Judgement entered May 19, 2014).

In the instant matter Smith complains his state charges were brought "under indictment by information" and that he was deprived of either a "constitutionally mandated preliminary examination before a magistrate" or a "non-perfunctory adversarial hearing before the district judge prior to being indicted by information on judicial order to file the information as the instrument of indictment." (Doc. 2 at 2). Smith contends that other similarly situated individuals, too numerous to number, have had their due process rights violated by the purported faulty charging manner utilized by the State of Montana and are also entitled to justice. *Id.* at 4.

Smith asserts Attorney General Timothy Fox, as the chief law enforcement officer in the state, has been made aware of the due process violations that have

occurred as a result of the unconstitutional charging practice, by virtue of numerous appeals, post conviction matters, and state habeas petitions that have been filed. *Id.* at 4-5. Smith complains Attorney General Fox, by both his action and inaction, has allowed the violations to continue. *Id.* at 5.

Smith complains Montana Supreme Court Chief Justice Mike McGrath knew of the state-wide practice of denying felony defendants either a preliminary examination or comparable hearing in contravention of the "intent of the Framers" of the Montana Constitution and the state constitution itself, and in violation of the due process protections contained in the Fourteenth Amendment of the United States Constitution. *Id.* at 5.

Smith contends the "County Attorneys, County and Municipal Magistrates, and the State District Judges" have continued to follow and utilize the unconstitutional practice of failing to provide a non-perfunctory adversarial hearing prior to making a prima facie determination of guilt based upon probable cause, in violation of federal law and in contravention of the "intent of the Delegates." *Id.*

In support of his claims, Smith cites to violations of the Fourteenth Amendment (Doc. 2 at 6, 9,12); the intent of the Framers of Montana's 1972 Constitution (Doc. 2 at 6-7,10,14-15; Doc. 2-5); Montana state case law (Doc. 2 at

6

6, 8-9,11,15-16; Doc. 2-8; Doc. 2-9); Art. II, Section 20 of the Montana Constitution (Doc. 2 at 6); Montana state statutes (Doc. 2 at 11, 15-16; Doc. 2-4; Doc. 2-6); Montana's 1889 Constitution and Notes from the 1989 Constitutional Convention (Doc. 2 at 6-7, 12 ,14; Doc. 2-7); as well as federal law (Doc. 2 at 9-13, 15-17; Doc. 2-10).

Smith requests this Court: declare that the conduct, acts, and omissions of the Defendants violated Smith's rights under the Constitution of the United States (Doc. 2 at 17), grant preliminary and permanent injunctions ordering Defendants to adhere to the constitutionally mandated intent of the delegates and require a non-perfunctory adversarial hearing either before a magistrate or before a district judge prior to any judicial determination of whether or not to issue an order granting leave to file the information, and provide any other additional relief the Court deems proper. *Id.* at 18.

## B. Analysis

Smith contends he was charged, and subsequently convicted, following irregular and unconstitutional charging practices. But such a claim is barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

7

> whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87 (footnotes omitted).

The Ninth Circuit has likewise held, "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F. 3d 689, 695 (9th Cir. 2005). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would necessarily imply or demonstrate the invalidity of the earlier conviction or sentence.'" *Beets v. County of Los Angeles*, 669 F. 3d 1038, 1042 (9th Cir. 2012)(quoting *Heck*, 512 U.S. at 487).

The pending civil rights action seeking to undermine Smith's charge and conviction is barred unless and until Smith's conviction is called into question. Were Smith to prevail in this action, his criminal conviction would necessarily be

8

called into question, which is prohibited by *Heck* until the conviction is overturned. 512 U.S. at 490.

### III. Conclusion

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Smith has failed to state a claim upon which relief may be granted. This is a defect which could not be cured by amendment; leave to amend would be futile. This matter should be dismissed.

### "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal

court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Smith has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016)(*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)). The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that the Complaint filed in this case is frivolous as it lacks arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Smith failed to state a

claim upon which relief may be granted and his pleadings present an "obvious bar to securing relief.

### NOTICE OF RIGHT TO OBJECT TO OBJECT
### TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES
### OF FAILURE TO OBJECT

Smith may file objections to these Findings and Recommendations within fourteen (14) days after service.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of May, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Smith is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

11